**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT TASHCHIAN, | ) Case No.: 1:26-cv-00688-JLT-SKO (HC) |
| Petitioner, | ) <br> ) A-Number: 021-456-332 |
| | ) |
| | ) FINDINGS AND RECOMMENDATION TO |
| v. | ) GRANT PETITION FOR WRIT OF HABEAS |
| | ) CORPUS |
| | ) |
| | ) [10-DAY OBJECTION DEADLINE] |
| WARDEN OF THE CALIFORNIA CITY | ) |
| DETENTION FACILITY, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on January 26, 2026. (Doc. 1.) Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). He claims his continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). He claims he should be immediately released.

On February 28, 2026, Respondent filed a response to the petition. (Doc. 9.) Respondent contends the length of detention is not unreasonable because Petitioner has not been detained longer

1

than six months. (Doc. 9 at 2.) Respondent further argues that removal is reasonably likely in the near future. (Id.)

On March 18, 2026, Petitioner filed a reply. (Doc. 14.) Petitioner contends there is no evidence that removal is likely in the reasonably foreseeable future. (Doc. 14 at 1.) Petitioner states he has been detained for 15 months, and Respondent has been unable to remove him. (Doc. 14 at 2.) Petitioner also challenges Respondent's references to Petitioner's criminal history as irrelevant to the habeas petition. (Doc. 14 at 6.)

For the following reasons, the Court will recommend the petition be granted.

## I.    BACKGROUND

Petitioner is a citizen of the former Soviet Union. (Doc. 1 at 2; 9 at 6.) He was paroled into the United States in 1987. (Doc. 9 at 6.)

In 2022, Petitioner was convicted in the Fresno County Superior Court of dissuading a witness from prosecuting a crime. (Id.) He was sentenced to two years imprisonment. (Id.)

On December 4, 2024, Petitioner was apprehended by ICE and placed in removal proceedings. (Id.) On December 16, 2024, an Immigration Judge ("IJ") ordered Petitioner removed to Brazil or Armenia. (Id.)  On December 23, 2024, Brazil denied acceptance of Petitioner. (Id.) On April 4, 2025, Armenia denied the application for a travel document. (Id.)

On May 29, 2025, ICE prepared and resubmitted an application for a travel document to Armenia. (Id. at 7.) On November 19, 2025, the Armenian Consulate informed ICE that they were processing the case. (Id.) On January 12, 2026, the Armenian Consulate again informed ICE that the case was still being processed. (Id.)

Petitioner has remained in custody since December 4, 2024, for a period of 15 months.

## II.    DISCUSSION

A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-

Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

B.  Detention under 8 U.S.C. § 1231(a)(6)

When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90–day "removal period." See Xi v. INS, 298 F.3d 832, 834-35 (9th Cir.2002) (citing 8 U.S.C. § 1231(a)(1)). During this removal period, the Government must detain that alien until he or she is actually removed. See 8 U.S.C. § 1231(a)(2). In situations where removal cannot be accomplished within 90 days, detention beyond the removal period is authorized by § 1231(a)(6), which provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or conditions of entry, for committing a criminal offense, or for reasons of national security or foreign policy,] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas, the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their § 1231(a)(6) detentions. Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them for years after the expiration of § 1231(a)(1)'s 90-day removal period. Id. at 684-86. The Zadvydas Court reasoned that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause. Id. at 690. Applying the constitutional avoidance doctrine to avoid this potential problem, Zadvydas held that § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal" and "does not permit indefinite detention." Id. at 689. Zadvydas then concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by [§ 1231(a)(6)]." Id. at 699.

Under Zadvydas, a presumptively reasonable period of post-removal detention is limited to six months. After the presumptively reasonable "6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701. "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner has been detained for 15 months, substantially longer than the 6-month presumptive period. Petitioner contends there is no significant likelihood of removal. Petitioner notes that Armenia denied the previous application, and the Government has submitted no evidence to believe the new application will be approved. In addition, the application has been pending since May, and Armenia has given no indication of how much longer the process will take. The Government's only update for the past 10 months is that the case is "still being processed." (Doc. 9 at 7.) Petitioner also states that there is good reason to believe Armenia will again deny the application, since Petitioner is a citizen of the former Soviet Union. Petitioner's arguments have merit. He has shown that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Now, "the Government must respond with evidence sufficient to rebut [Petitioner's] showing." Id. Here, the Government provides no evidence to rebut Petitioner's showing. Again, the Government states only that the case is being processed. There is no indication when the process will end, and the only evidence to date shows the outcome will likely be a denial. "'Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur.'" Vishal v. Chestnut, 1:25-cv-01469-SAB, 2025 WL 3511815, 2025 U.S. Dist. LEXIS 253176, at *9 (E.D. Cal. Dec. 5, 2025) (quoting Nguyen v. Scott, No. 2:25-CV-01398, 2025 WL 2419288, at *16 (W.D. Wash. Aug. 21, 2025)) (citing Singh v. Gonzales, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006). Thus, the Court finds that Respondent has not responded with evidence sufficient to rebut Petitioner's showing.

Respondent also notes Petitioner's criminal background as a reason for continued detention. This argument was rejected by the Supreme Court in Zadvydas. The Zadvydas Court held that § 1231(a)(6) simply did not authorize an alien's potentially indefinite detention, even if such detention were premised on "protecting the community from dangerous aliens." Zadvydas, 533 U.S. at 697. Notably, Zadvydas was a resident alien with a long criminal record whose continued detention by the Government was based on a history of flight from both criminal and deportation proceedings. Id. at 684. In addition, Kim Ho Ma was a resident alien who had been convicted of manslaughter for a gang-related shooting. Id. at 685-86. "If a need to protect the community did not justify the detention of Ma --a killer--under § 1231(a)(6), it similarly does not justify the detention of" Petitioner. Tuan Thai v. Ashcroft, 366 F.3d 790, 797 (9th Cir. 2004).

"[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." Zadvydas, 533 U.S. at 699–700. See Huang v. Albarran, No. 1:25-cv-01308 JLT EPG, 2025 WL 2986885, at *4 (E.D. Cal. Oct. 23, 2025) ("When, as here, a noncitizen does not leave or is not removed within the 90-day removal period, the individual, 'pending removal, shall be subject to supervision.' 8 U.S.C. § 1231(a)(3). 'As mandated by Congress, the default status after the 90-day removal period is therefore release on conditions, not detention.' Alva v. Kaiser, No. 25-cv-06676-RFL, 2025 WL 2419262, at *3 (N.D.Cal. Aug. 21, 2025). Noncitizens subject to a removal order may be released pursuant to 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. See Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 154 (W.D.N.Y. 2025). Once released, those same regulations also govern revocation of release."). Thus, the Court finds that Petitioner's continued detention is unreasonable and no longer authorized by statute. He should be released on appropriate conditions of supervision.

**III.    RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be GRANTED and Respondents be directed to release Petitioner subject to an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 19, 2026**                    /s/ Sheila K. Oberto

UNITED STATES MAGISTRATE JUDGE

6